IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEROLD B THOMAS,** ) | |
| **# K97742**, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-474-GPM |
| **MAURICE D. COX, BENJAMIN J.** ) | |
| **RUSSELL, S. RHINE,** ) | |
| **GINA ALLEN, T. QUIGLEY, and** ) | |
| **JOSHUA JONES**, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

　　Plaintiff Gerold B. Thomas, an inmate in Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a twelve year sentence for aggravated battery with a firearm. Plaintiff was admitted November 19, 2002, and released on parole June 21, 2011. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from
> 　　such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A and shall dismiss this action.

## The Complaint

Plaintiff claims he has been denied early parole.  The named Defendants are officers overseeing the prisoner grievance process for Shawnee and the Illinois Department of Corrections.  Plaintiff says these two Defendants deprived him of thirty days good time credit when these Defendants refused to investigate a misprinted inmate disciplinary report ticket.  Plaintiff also names the following two Defendants: Joshua Jones, a fellow inmate (#M11237) for whom the ticket was allegedly meant, and T. Quigley, the Head of the Adjustment Committee who investigated the ticket after Plaintiff lost his good time.  Without the ticket, Plaintiff would have been released on parole May 20, 2011 rather than June 21, 2011.

Plaintiff requests all named Defendants appear before the court and submit to polygraph examinations, as well as financial compensation for the injury to his person.

**Discussion**

At the outset, the Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute – in this case 42 U.S.C. § 1983 – is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (the district court should not have re-characterized a declaratory judgment action as a petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (courts must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus, not a civil rights action, is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

Plaintiff argues he has suffered a loss of thirty days good time credit due to Defendants' actions. Such a loss does not implicate a civil right within the scope of 42 U.S.C. § 1983. A loss of good time credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the disciplinary proceeding.

The proper method, however, for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). Such relief cannot be granted in a civil rights action pursuant to Section 1983. *Graham*, 922 F.2d at 381-82. This action must therefore be dismissed. Plaintiff may seek relief through a federal habeas petition, but may only after

Plaintiff has exhausted his remedies through the Illinois state courts.  *See* 28 U.S.C. § 2254(b); *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).

The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to follow the rules of the Illinois Department of Corrections.  *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq*., to consider the merits of Plaintiff's claim.  Accordingly, Plaintiff's claim seeking mandatory supervised release is **DISMISSED without prejudice**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED.**  This dismissal is **without prejudice** so Plaintiff may pursue his claims in state court, or in a federal habeas corpus petition **after Plaintiff has fully exhausted his state court remedies**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: July 2, 2012

/s / **G. Patrick Murphy**
G. PATRICK MURPHY
United States District Judge